RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11-04-05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Francois Singleton | DOCKET NO. 1:05 CV 1540 |
| | SECTION P |
| VS. | JUDGE Drell |
| Richard L. Stalder, Et Al | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights action filed by *pro se* Plaintiff **Francois Singleton** ("Plaintiff"), on August 18, 2005, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on September 13, 2005. [Rec. Doc. 4]. Named as defendant's are Richard Stalder (Secretary of Louisiana Department of Public Safety and Corrections); Dr. Rodrequis (Physican); Pat Thomas (Medical Director)

The instant matter was referred to the undersigned Magistrate Judge for review, report and recommendation in accordance with 26 U.S.C. § 636 and a standing order of this Court.

### Statement of Facts

Plaintiff alleges the defendants provided him with inadequate medical care in violation of the constitution. He seeks monetary damages as relief. Plaintiff asserts Winn Correctional Center was

aware of x-rays taken prior to this incident which "clearly ascertains" the fact the Medical Department knew of this injury, thus, acting with deliberate indifference by forcing plaintiff to work regular duty in the field [doc. 1. Memo. Pg. 2]

## LAW AND ANALYSIS

### I. FRIVOLITY REVIEW

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per

curiam)(pro se complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989).A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**Inadequate Medical Care**

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the Constitution or the laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law. Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995). Accordingly, to succeed further than the initial screening stage Plaintiff must demonstrate that the named defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by their actions, as well as demonstrate that the deprivation was committed by a person acting under the color of state law.

In order to state a valid § 1983 claim for relief for denial of adequate medical treatment, a prisoner must allege the official(s) acted with **deliberate indifference to his serious medical needs**. Wilson v. Seiter, 501 U.S. 294, 303, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving this risk, must deliberately fail to act. Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or

delaying access to medical care. Estelle v. Gamble, 429 U.S. 97, 104-05, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). Facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (*citing* , Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981)). The legal conclusion of deliberate indifference, therefore, must rest on facts clearly evincing wanton actions on the part of the defendants. Johnson, 759 F.2d at 1238. Similarly, a showing of deliberate indifference requires both knowledge and disregard of a significant risk of harm. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001).

However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, Estelle, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). An inmate's disagreement with the kind of medical treatment that he has received is insufficient as a matter of law to state an Eighth Amendment violation. Norton v. Dimanazana, 122 F. 3d 286, 291 (5th Cir. 1997); Young v. Gray, 560 F.2d 201 (5th Cir. 1977). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. Varnado, 920 F.2d at 321. As long as jail medical personnel exercise

professional medical judgment, their behavior will not violate a prisoner's constitutional rights. See <u>Youngberg v. Romeo</u>, 457 U.S. 307, 322- 23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Plaintiff has not demonstrated how any of the named defendants acted with wanton disregard for his serious medical condition. At most, Plaintiff demonstrates that the defendants and he disagreed with his appropriate treatment plan based on the defendant's professional medical judgement to change the inmate's status from limited duty with restrictions, to regular duty with no restrictions. The treating Physician based this judgement on the fact that the inmate had shown signs of recently lifting weights. However, such a disagreement in treatment does not give rise to a civil rights action. Plaintiff does not allege a violation of a right secured by the Constitution or the laws of the United States.

Thus, Plaintiff's claim is without merit and is recommended dismissed pursuant for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Based upon the foregoing,

**IT IS RECOMMENDED** that the instant action be dismissed with prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### **OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 3rd day of November, 2004.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).